UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DUSTIN BARNETT,

Petitioner,

v.

STATE OF NEVADA, *et al.*,

Respondents.

Case No. 3:14-cv-00155-MMD-WGC

ORDER

This *pro se* habeas matter comes before the Court on Petitioner's motion to reopen case and for a status update ("Motion") (ECF No. 24). The Motion is granted as to the status update and denied as to the request to reopen the case.

The Court denied Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 17, 2017. (ECF No. 20.) Judgment was entered that same day. (ECF No. 21.) Petitioner did not file any motion or notice of appeal following the Court's decision. This action is therefore closed and has been closed for more than a year. Petitioner has never been appointed counsel in this matter.

Petitioner filed a form order for appointment of counsel and a request for an evidentiary hearing on February 28, 2018. (ECF No. 22.) The Court denied the motions because this action was closed and nothing was pending. (ECF No. 23.)

Petitioner filed the Motion on September 17, 2018. In it, Petitioner asserts that he has exhausted a state court habeas petition and would like to reopen this case—presumably to include his now exhausted claims. (*Id.*)

///

Judgment was entered in this action more than a year before Petitioner's motion to reopen was filed. The Petition was denied on the merits. Although Petitioner does not identify any legal basis for his request to reopen this case, Federal Rule of Civil Procedure 60(b) authorizes relief from judgment under a limited set of circumstances. *See Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

However, "[h]abeas corpus petitions cannot utilize a Rule 60(b) motion to make an end-run around the requirements of the AEDPA or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions." *Jones v. Ryan*, 773 F.3d 825, 833 (9th Cir. 2013). A motion is a legitimate Rule 60(b) motion if it attacks "some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. If a motion asserts a new claim, including a challenge to the court's determination on the merits, the motion is not properly considered a Rule 60(b) motion and instead should be treated as a second or successive petition. *Id.* at 529-32.

A motion under Rule 60 must be made within a "reasonable time," and for motions under Rule 60(b)(1), (2), or (3) no more than one year after entry of judgment. Fed. R. Civ. P. 60(c).

///

Petitioner offers no basis justifying relief under Rule 60(b). He identifies no defect in the federal habeas proceedings. To the extent Petitioner seeks to reopen this action to include recently exhausted claims, the motion is not a legitimate Rule 60(b) motion and instead must be treated as a second or successive petition (or a request to file as much). Before Petitioner can file a second or successive habeas petition, he must obtain authorization from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3). There being no basis to reopen these proceedings or grant relief from judgment, the motion to reopen will be denied.

In accordance with the foregoing, it is ordered that Petitioner's motion to reopen (ECF No. 24), construed as motion for relief under Rule 60(b), is denied.

It is further ordered that the Clerk will update Petitioner's address to the address reflected on his most recent filing: Dustin M. Barnett #1087183, Ely State Prison, P.O. Box 1989, Ely, NV 89301.

It is further ordered that, along with a copy of this order, the Clerk will send Petitioner a copy of the docket sheet in this action along with a copy of the Court's orders dated July 17, 2017, and April 12, 2018 (ECF Nos. 20, 23).

DATED THIS 15th day of October 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE